UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JERMAINE C. JORDAN** ]<br>    Petitioner, ]<br>     ]<br>v. ]<br>     ]<br>**STATE OF TENNESSEE** ]<br>    Respondent. ] | No. 3:10-0173<br>Judge Trauger |

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee, seeking a writ of habeas corpus.

### I. Background

On April 27, 2007, the petitioner pled guilty in the Criminal Court of Davidson County to charges of attempted murder and especially aggravated kidnapping. Docket Entry No.23-1 at pgs.10-12. For these crimes, he received concurrent sentences of seventeen years in prison, to be served at one hundred percent (100%). *Id.* at pgs.14-15.

Having pled guilty, there was no direct appeal of the convictions taken by the petitioner. However, he did file a *pro se* petition for post-conviction relief in the Criminal Court of

1

Davidson County. *Id.* at pgs.19-31. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs.62-75. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.23-5. The Tennessee Supreme Court later denied the petitioner's application for additional review. Docket Entry No.23-8.

## II. Procedural History

On January 27, 2010, the petitioner filed the instant petition for writ of habeas corpus. Docket Entry No.1. From the petition, the Court gleans several claims for relief. These claims include:

(1) the petitioner's Fifth Amendment rights were violated when police officers failed to Mirandize him at the time of his arrest;

(2) the prosecutor failed to disclose exculpatory evidence;

(3) the petitioner's sentences were illegally enhanced in violation of Tennessee sentencing laws;

(4) the petitioner's guilty pleas were neither voluntarily nor knowingly offered because
    a) he was pressured by the prosecutor who added more years to the original plea offer;
    b) counsel and the trial judge provided him with "erroneous advice regarding sentence, jail time and program credits as well as parole eligibility"; and
    c) counsel scared petitioner's

2

>                    mother into influencing him to
>                    take the plea offer;
>
> (5) counsel was ineffective for
>     a) failing to advise the petitioner
>        about the possibility of a nolo
>        contendere plea;
>     b) failing to adequately investigate
>        the case; and
>     c) failing to secure the services of
>        an independent forensics expert;[1]
>
> (6) petitioner's sentences were improperly
>     enhanced because none of the aggravating
>     factors in the case were determined by a
>     jury; and
>
> (7) the prosecutor showed "extreme prejudice"
>     because he was associated with a Special
>     Domestic Violence Unit.

Upon its receipt, the Court promptly conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.9) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules Governing § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No.23) to the petition, to which the petitioner has offered no reply. Having carefully considered this pleading and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required

---

[1] The petitioner was represented by Dumaka Shabazz, a member of the Davidson County Bar.

when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules Governing § 2254 Cases.

### III. Analysis of the Claims

**A.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).[2]

---

[2] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust available state court remedies. Adams v. Holland, 324 F.3d 838

4

None of the petitioner's claims, with the exception of one challenge to the validity of his guilty pleas (Claim No.4b), were ever presented to every available level of the state court system for review. *See* Docket Entry No.23-3 at pgs.2-22. Thus, the petitioner did not fully and fairly exhaust these claims in the state courts prior to initiating the instant action. Unfortunately, at this late date, state court remedies for these claims are no longer available. Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84 (1977); Engle v. Isaac, 456 U.S. 107, 129 (1982). There has been no

---

(6th Cir. 2003).

showing of the type of cause and prejudice needed to excuse the procedural default of these claims. Consequently, these claims will not support an award of habeas corpus relief (Claim Nos.1-4a, 4c-7).

**B.) Fully Exhausted Claim**

The petitioner's remaining claim, i.e., the invalidity of his guilty pleas due to the failure of counsel and the trial judge to correctly inform him about the possibility of parole (Claim No.4b), has been fully litigated in the state courts and was found to be lacking in merit.[3] Docket Entry No.23-5 at pgs.7-9. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable

---

[3] The Tennessee Court of Criminal Appeals initially found that the petitioner had waived this claim. However, that Court went on to address its merits. Docket Entry No.23-5 at pg.7.

application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.*, at 120 S.Ct. 1511.

A plea of guilty is valid if it is entered voluntarily and knowingly, as determined under the totality of the circumstances. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); King v. Dutton, 17 F.3d 151, 153 (6th Cir.1994). The petitioner claims that he agreed to enter guilty pleas because both the trial judge and counsel gave him the impression that he would be eligible for parole prior to the completion of his seventeen year sentences.

A federal court must apply a presumption of correctness to state court findings of fact within the context of habeas corpus unless clear and convincing evidence is offered to rebut the findings of fact. 28 U.S.C. § 2254(e)(1). The petitioner acknowledged that he had a criminal record and was familiar with the guilty plea process. Docket Entry No.23-2 at pg.66. He signed a guilty plea petition stating that he agreed to serve a seventeen year sentence for especially aggravated kidnapping at 100%. Docket Entry No.23-1 at pg.11. At sentencing, the petitioner told the

7

trial judge that he understood he would be serving a seventeen year sentence at 100%. *Id.*, at pgs.50, 51.

Following a post-conviction evidentiary hearing, the trial judge found that the petitioner had been properly informed that he would have to serve his sentences at 100%, thus rendering petitioner's guilty pleas voluntarily and knowingly given. Docket Entry No.23-1 at pg.73. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claim was neither contrary to nor an unreasonable application of federal law. *See* McAdoo v. Elo, 365 F.3d 487, 495 (6th Cir.2004)(It has never been held that the Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary). Consequently, petitioner's invalid guilty pleas claim will not support an award of habeas corpus relief.

## IV. Conclusion

The Court finds that the petitioner procedurally defaulted all but one of his claims. Moreover, the petitioner's lone claim that had been fully exhausted in the state courts was properly disposed

8

of on the merits. Therefore, the petition fails to state a claim upon which habeas corpus relief can be granted. Accordingly, the petition will be denied and this action shall be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

9

Case 3:10-cv-00173   Document 24   Filed 06/04/10   Page 9 of 9 PageID #: 354